R. P. BRIDGENS AND WIFE V. THOMAS M. WEST AND
E. D. SKINNER.

Decided March 23, 1904.

**1.—Notice—Minor—Guardian—Limitation.**

A minor was charged with notice of facts disclosed by the record in a legal proceeding to which her guardian was a party, and can not avoid the subsequent running of limitation on plea of ignorance and concealment of such facts.

**2.—Limitation—Constructive Trust.**

A mere admission that one has received money lawfully due another does not establish against him such a continuing trust as would prevent the running of limitation.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*Lindsey & Smith,* for appellant.

*Boynton & Boynton,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action by the appellants against the appellees for the sum of $2000, and for such sums as the evidence may show that the defendants are owing to the plaintiffs. The appellants in their petition substantially allege that the appellant Pearl Bridgens, the wife of R. P. Bridgens, formerly Pearl Steele, was entitled to a distributive share of the estate of Thomas Steele, deceased, and that the appellees, as her representatives and agents, collected and received from the administrator of the estate of Thomas Steele, as her distributive share, the sum of $2000, which they held in trust for her in their fiduciary capacity as agents, which sum, or any part thereof, has not been paid to her or accounted for; that she was a minor at the time the money was so received and collected for her; and, further, that by reason of an admission made by the appellees in a suit brought by the appellants against the administrator of the estate of Steele for her distributive share, they were estopped from denying that they received and collected the money and held the same for her, the admission consisting in a representation made to the court in which said action was pending that they, the appellees, had settled with the administrator, and received from him as the representatives of all the heirs and distributees the estate that they were entitled to, and that by reason of such representation and statement, the court in effect dismissed the appellants' suit against the administrator. Also that in the County Court upon the final settlement of the estate the appellees made a statement to the court to the effect that they had settled with the administrator in full as the representatives of the heirs and distributees of the estate; and the inference from the averments is that by reason of this representation the court

closed the administration and discharged the administrator. This representation is also alleged as an estoppel.

The appellees pleaded in defense that they did not represent the appellant in receiving any part of her estate from the administrator, and that they did not receive her portion; and also pleaded the statutes of limitation of two and four years.

It appears from the facts that the appellant Pearl Bridgens, who was formerly Pearl Steele, was entitled to a share of the estate of Thomas Steele, deceased, to what extent is not definitely shown by the evidence; that there was in 1878 an administration with the will annexed upon the estate of Thomas Steele, and that in November, 1878, the appellees recovered a judgment against Wallace, administrator of the estate of Steele, in the sum of $5647, and that notice of appeal to the District Court of McLennan County was given, and it appears that the case was appealed to and docketed in that court. In 1893 Wallace, the administrator, made a motion to dismiss the appeal and strike the case from the docket, for the principal reason that the administrator had fully settled with the plaintiffs in that case.

The appellant Pearl Steele, in resisting this motion, filed a pleading to the effect that she was one of the distributees of the estate of Thomas Steele and was interested in the judgment recovered against the administrator by the plaintiffs in that case, who it appears from the record are the appellees here. She asked that the case be reinstated upon the docket, and in effect that she recover from the administrator her interest in the judgment obtained against him.

The appellant's motion to reinstate the case and retain it on the docket was denied by the court, from which judgment she gave notice of appeal, but it does not appear that the same was prosecuted.

As evidence authorizing the court to enter the judgment that it did, the administrator introduced in evidence the following document signed by T. M. West and E. D. Skinner, the appellees in this suit: "We were parties interest and representing heirs of Thomas Steele, Sr., deceased, and after action on our complaint in the County Court of McLennan County against J. D. Wallace, administrator of said estate, and he had given notice of appeal to the District Court of McLennan County, we for ourselves and for the heirs of Thomas Steele, Sr., deceased, made a full, fair and final settlement with J. D. Wallace and one of his bondsmen, Peter McClelland, and it was then agreed that said appeal bond should be dismissed, and we supposed it had long since been done, as all the heirs were all satisfied with the settlement which was made in the latter part of 1878 or in the first part of 1879, and we have heard no complaint about the matters since. We are surprised to hear that the case is still on the docket. It is there improperly and you are authorized to dismiss it." This document was made an exhibit to the motion filed by the administrator to dismiss the case from the docket.

The judgment of the court in that case declining to reinstate and retain the case on the docket at the request of Pearl Steele was entered on June 19, 1894. On the 3d day of November, 1894, on the application of Wallace, the administrator, the court entered a judgment discharging him, and reciting therein that all the debts against the estate and all costs had been paid, and that the administrator during the years 1878 and 1879 had a full and complete settlement with the heirs of Thomas Steele, deceased, of all matters pertaining to the estate, and the administration thereof on his part, and that he had delivered to them and their representatives all property and effects belonging to said estate in his hands. Then follows the order discharging the administrator.

It appears as a part of the record in this latter proceeding that there was offered in evidence by the administrator the following document, signed by the appellees West and Skinner: "Know all men by these presents that we, T. M. West and E. D. Skinner, do hereby certify and acknowledge that we, for and in behalf of all the heirs and distributees of the estate of Thomas Steele, deceased, have received from J. D. Wallace, as administrator of said estate, the property and effects of said estate, and have had with said administrator a full and complete settlement of all matters pertaining to said estate, which settlement we had on or about the 18th day of December, 1878, and said estate should then have been closed, and we do hereby release said Wallace from all further liability on account of said estate as administrator, and consent that he may be discharged without further notice." This document was signed on the 20th of October, 1894.

Appellant Pearl Bridgens was a minor at the time of this alleged settlement and at the time of the proceedings had in the district and county courts, as above stated, and became 21 years of age in 1896, and married her husband, her coplaintiff, about a year thereafter. During the time that the proceedings were had in the District Court, as above stated, by her to retain the case against the administrator on the docket, and the time that the County Court entered the order discharging the administrator, her mother was the guardian of her estate. The appellant Pearl Bridgens testified in this case that she did not consent to the proceedings had in the District Court under her name to reinstate and retain the case on the docket of that court against said administrator; but the evidence in the record shows that that proceeding was in effect authorized by her mother; and the appellant Pearl Bridgens states in her evidence that she knew of the existence of some kind of proceedings, but did not know its nature, and that she was not consulted and advised about the same.

The evidence shows that the appellees did, in 1878 or 1879, receive from the administrator a part of the estate of Thomas Steele, if not all of it; but at that time they were not acting as the agents of Pearl Bridgens under any contract or agreement with her or anyone for her. And if they did receive any part of the estate to which she is entitled,

the evidence shows that they acted without authority from her, either expressed or implied. The only evidence of agency that arises from the facts is the admissions of statements made in the two documents quoted, as above set out, which were made many years after they received the estate from the administrator.

In view of the manner in which we dispose of the case, these are all the facts necessary to be stated.

The trial court peremptorily instructed a verdict in favor of the defendants, acting evidently upon the theory that the plaintiffs' cause of action was barred by limitation.

The appellees were strangers to Pearl Bridgens and mere interlopers when they received from the administrator such portion of the estate that she might have been entitled to. In receiving the same, they acted under no fiduciary relationship to her by virtue of a contract of agency. Therefore, the form of agency that arose was merely of the nature of a constructive trust, and the appellant could, if an action had been seasonably brought after notice that they had received her property, have held them accountable for the amount collected. After she had received notice that her property had gone into the hands of the appellees, an action at law would have immediately arisen in her favor for money had and received, but which in this case she was not required to institute or prosecute until she reached the age of 21, which was in 1896; and from the date of the filing of the original petition in this case, more than four years have elapsed since she became of age. She does not in her testimony deny the fact that she knew that the appellees had collected the money she was entitled to, or that they had pretended to represent her in receiving that money from the administrator; nor does she expressly deny the facts contained in the statement made by these appellees, which was used as evidence in disposing of the case in the District Court and in closing the administration, as before stated. But, upon the contrary, it is clear from the facts as stated, that she must be charged with notice of the statements made by the appellees, as contained in the two documents set out in the findings of fact. Her mother was practically her representative in the proceedings instituted under the name of Pearl Steele to reinstate and retain upon the docket of the District Court of McLennan County the case against the administrator. As a part of the proceedings in that case which was attached to the answer of the administrator which was filed in the case, was the statement by these appellees that they had received all the estate from the administrator as the representatives of all the heirs; and Pearl Bridgens, acting through her mother, who was the guardian of her estate, must be held a party to this action, and would be charged with notice of the pleadings upon which the judgment of that court was based. Furthermore, it appears, as before stated, that as a part of the proceedings that occurred in the County Court in closing the administration and discharging the administrator, was the written statement of

the appellees to the effect that they had settled with the administrator and received as the representatives of the distributees all of the estate which was in his possession.

The record of the court in that proceeding would be notice to the parties connected with it. The appellant Pearl Bridgens, then Pearl Steele, being in law a party in interest as one of the distributees of the estate, would be affected with notice of what the judgment there recites. The proceedings had in these two courts, as stated in the findings of fact, indicate that there was at that time no disposition upon the part of the appellees to conceal the fact that they had settled with the administrator and received the estate that the distributees were entitled to. Seemingly, they advertised this fact as publicly as possible, and in proceedings in which Pearl Bridgens was substantially a party. These disclosures were made in 1894, two years before Pearl Bridgens reached her majority; and she then must have known, or could have ascertained by proper inquiry, a knowledge of the fact that the appellees had admitted that they had collected her distributive share of the estate. Parish v. Alston, 65 Texas, 197. This case, in some of its features, is similar to the one under consideration; and in effect holds that one occupying the situation of the appellant to the proceeding discharging the administrator, would be chargeable with knowledge of the facts disclosed by the probate records.

Independent of the admission made by the appellees in the court proceedings, as stated, there is no evidence of any further admission of their liability, or that they had received property in trust for the appellant, Pearl Bridgens; and this case does not come within the rule of a continuing trust, where limitation would not operate against a constructive trustee just so long as he admits his liability or the existence of the relationship. A mere admission of the defendant that he received the money for the benefit of another, while sufficient to establish his liability, does not establish a continuing trust, unless that admission is kept alive by other admissions of like character, or by conduct recognizing his duty to perform the obligation that he has assumed. This doctrine is fully discussed in the well considered case of Parks v. Satterthwaite, 132 Ind., 413, where it is held that such a trust was merely constructive, and that limitation would commence to run from the time that the money was received, or at least from the time that the plaintiff knew that it was received. The cases cited, together with Kennedy v. Baker, 59 Texas, 150; Tinnen v. Mebane, 10 Texas, 246; Allbrecht v. Allbrecht, 35 S. W. Rep., 1076; Mitchell v. McLemore, 9 Texas, 152, and Eborn v. Zimpelman, 47 Texas, 516, are decisive of the questions raised in this case. These cases collectively establish the proposition that a trust of the nature shown by the facts in this case is merely constructive, and that a cause of action at law arises immediately upon receipt of the money by the assumed trustee, or as soon as the owner of the fund knows of its receipt, and that no demand is necessary.

The matter of estoppel pleaded by the plaintiffs does not change the form or nature of the trust. Before the occurrence of the facts from which the estoppel arose, the agency of the appellees was merely implied; or, to express it in another form, the trust was merely constructive. The admissions made by the appellees, from which it is claimed the estoppel springs, is merely a statement to the effect that they had received the funds from the administrator as the representatives of the heirs and distributees of the estate of Steele. They were not in fact the representatives of the plaintiff Pearl Bridgens, and this statement did not have the effect of making them express trustees—such a character of trust against which no limitation would run until there was a repudiation of the trust brought to the knowledge of the cestui que trust.

In view of the facts as stated, and the rules of law announced in the cases cited, plaintiff, at least at the time she reached her majority in 1896, had an adequate remedy at law against the appellees for the amount of money, if any, they had received from the administrator of the estate belonging to her; and it was not necessary that she should go into a court of equity in order to compel an accounting at the hands of the defendants. Therefore, we are of the opinion that the trial court was correct in peremptorily instructing the jury to return a verdict, because it is clear that the appellants' action was barred by limitation.

*Affirmed.*

Writ of error was refused by the Supreme Court, June 2, 1904.