WALKER v. WALKER'S ESTATE.†

(Court of Civil Appeals of Texas. April 12, 1911. Rehearing Denied May 10, 1911.)

1. APPEAL AND ERROR (§ 389*)—AFFIDAVIT IN FORMA PAUPERIS — DESCRIPTION OF JUDGMENT.

An affidavit in forma pauperis by appellant, which gives the style, number of the case, the court in which pending, and the date of the judgment, and which recites that persons

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

named recovered judgment against appellant in which orders of the probate court were set aside and other orders entered in lieu thereof, referring for a better description thereof to the minute book of the court, giving the page where the judgment is recorded, sufficiently identifies the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

2. CERTIORARI (§ 42*)—PETITION—REQUISITES—"WIFE."

Under Rev. St. 1895, art. 333, requiring that the application for certiorari shall distinctly set forth the error, a petition for certiorari to review orders of the probate court appointing one administratrix, on the theory that she was the putative wife of decedent and awarding her allowances and the homestead, which alleges that the court erred, in that she was not the surviving wife of decedent, is, in the absence of any special exception, sufficient to raise the question whether she was the putative wife; the word "wife" in the petition being used in its generic sense as including a putative, as well as a lawful, wife.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 64–87; Dec. Dig. § 42.*

For other definitions, see Words and Phrases, vol. 8, pp. 7459, 7460.]

3. MARRIAGE (§ 54*) — INVALIDITY — "PUTATIVE MARRIAGE."

A "putative marriage" is one which is in reality null, but which has been contracted in good faith by the two parties, or by one of them.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 93–109; Dec. Dig. § 54.*

For other denitions, see Words and Phrases, vol. 7, p. 5872.]

4. MARRIAGE (§ 54*) — INVALIDITY—EFFECT—PUTATIVE MARRIAGE.

A woman, at the time of her second marriage, knew that her former husband was living in the same city. She knew that he had previously sued for divorce, but she had no knowledge of the termination of the suit, except his mere statement that a divorce had been granted, while in fact the suit had been dismissed. She lived in the same city in which the divorce proceedings were pending, and made no inquiry as to the result of the divorce suit. *Held*, that her second marriage was not a putative marriage in law because good faith could not be predicated on her negligent failure to ascertain the facts.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 93–109; Dec. Dig. § 54.*]

5. EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO APPOINTMENT — HUSBAND AND WIFE.

Only a lawful wife of decedent is entitled to be appointed administratrix, and a putative wife is not entitled to such appointment.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

6. EXECUTORS AND ADMINISTRATORS (§ 180*)—ALLOWANCES TO SURVIVING WIFE.

Only a lawful surviving wife is entitled to homestead and allowances out. of her deceased husband's estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 671–680; Dec. Dig. § 180.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Proceedings for the appointment of an administrator of the estate of Geo. H. Walker, deceased, and for allowances to Willie Walker, claiming to be the wife of decedent. From orders setting aside Willie Walker's appointment as administratrix, and granting her allowances and homestead, she appeals. Affirmed.

W. L. Eason, for appellant. Alva Bryan and Cross, Gross & Street, for appellee.

RICE, J. George H. Walker died on the 10th day of December, 1908, intestate, in the city of Waco, leaving no children, and possessed of an estate consisting of personal and real property. In May, 1909, Willie Walker, appellant herein, made application, as the surviving wife of the deceased, for letters of administration upon his estate to the county court of McLennan county, alleging that there was a necessity existing therefor. At the July term next thereafter, she was appointed administratrix of said estate, and qualified as such.

At the ensuing September term, Eugene Walker, a brother of deceased and one of the appellees herein, made application to said court for the removal of appellant as administratrix of said estate, on the ground that she was not in fact the surviving wife of deceased, and also that she was an unfit person to be appointed as such, and applied himself for appointment as administrator of said estate. Upon the hearing of said application, the same was refused, and by order of the court appellant was continued as administratrix of said estate, subsequent to which, at the November term, 1909, of said court, appellant made application as surviving wife of the deceased for a year's allowance, and also filed an application as such surviving wife to have the homestead set aside to her, as well as for an allowance in money in lieu of exemptions. Each of these latter orders were contested by Elizabeth Walker, the mother of deceased, joined by her children, brothers and sisters of the deceased, on the ground that Willie Walker, appellant, was not the surviving wife of deceased.

Appellant, answering these contests, set up the fact that she was the putative wife of said Walker. The court upon hearing overruled said contests and entered a decree, granting said allowances and setting aside the homestead to said Willie Walker, on the ground that she was the surviving wife of the said Geo. H. Walker, deceased. Although notices of appeal were given from each of said orders above recited, yet no appeal was taken therefrom; but on December 14, 1909, the said Elizabeth Walker, mother of deceased, joined by her children, brothers and sisters of deceased, applied to the Honorable Marshall Surratt, judge of the district court of McLennan county, for writ of certiorari, to review and set aside the judgment of the county court appointing the

said Willie Walker administratrix of said estate, as well as each of the orders hereinbefore set forth. The writ was granted, and the case was tried before the court without a jury, who found that the said Willie Walker was not the surviving wife of Geo. H. Walker, deceased, and rendered judgment setting aside her appointment as administratrix of said estate, as well as each of the orders granting her allowances and the homestead, as hereinbefore stated, and appointing Eugene Walker administrator of said estate upon his qualifying and giving bond, from which judgment the said Willie Walker has prosecuted this appeal.

The first question for our consideration is the motion of appellees to dismiss this appeal on the ground, first, that no notice of appeal was given, and, second, that the affidavit in forma pauperis, by which appellant undertook to appeal, does not describe, but in fact misdescribes, the judgment from which she attempts to appeal. Upon examination of the record, we find that the notice of appeal was in fact given and is incorporated in the judgment of the court below.

[1] The affidavit, after giving the style, number of the case, the court in which pending, and the date of the judgment, recites that Elizabeth Walker and others recovered judgment against said Willie Walker, in which certain orders of the probate court of McLennan county were set aside, and other orders entered in lieu thereof, referring for a better description thereof to the minute book of said court, giving the page wherein said judgment was recorded. We think this sufficiently describes and identifies the judgment, and that the motion should therefore be overruled.

We adopt the conclusions of law and fact filed by the court below, which are as follows, to wit:

"The only contested issue of fact that was submitted to me upon the trial of this case, and upon which evidence was taken, was as to whether or not the applicant for letters, Willie Walker, was the widow or surviving wife of George H. Walker, deceased, and upon this issue I find the facts to be as follows:

"The applicant, Willie Walker, about 15 years ago, was married to one Will Bell, in the city of Waco, and lived with him three or four years, when they separated, and shortly thereafter she began living with Geo. H. Walker, all of said parties residing within what is known as the 'tenderloin district' of Waco. On the 4th day of April, 1902, after Bell and his wife had separated, he filed a suit against her for divorce, in the Fifty-Fourth district court of McLennan county, in cause No. 2,793 of said court, which suit was not prosecuted to judgment, but thereafter, on the 9th day of March, 1903, the same was dismissed for want of prosecution. The applicant, Willie Walker, continued to live with George H. Walker in the same manner as she had done prior to that time, until the 7th day of November, 1907, when she and George were married, in Ballinger, Tex. The applicant had, when the suit was filed against her by Bell, accepted service and waived citation in said cause, and some time thereafter she was told by Bell that he had obtained a judgment against her for divorce, and this occurred some three years before she married Walker. At the time Bell told her the divorce had been granted, she assumed that it was true, but made no investigation whatever, although living within a few hundred yards of the courthouse in Waco during all the time up to her marriage to Walker, to ascertain whether or not a divorce has been granted in said suit, and upon the statement made to her by Will Bell believed that a divorce had been granted, and was resting under this belief at the time that she married Geo. Walker. I further find that, had she made any investigation whatever, or exercised any degree of diligence to ascertain whether or not a divorce had been granted, she would have discovered easily that such was not the case, and that said suit had been dismissed as above stated; that she was cognizant of the suit, where pending, and the ease with which she could have obtained the correct information as to the disposition of said cause, and that these facts are of sufficient force as to destroy or prevent her action in marrying Walker from being in good faith under the belief that a divorce had been granted her in that case."

## "Conclusions of Law.

"I am of the opinion that, being a party to the suit of Bell against Bell, and residing so near to the court where the same was pending until dismissed, and where the records were kept, that applicant could not shut her eyes to the facts as they really existed in that case, and, without any inquiry whatever, in good faith believe, upon the mere statement of her former husband, that said divorce had been granted, and that under these circumstances she could not have formed the second marriage with Geo. H. Walker in such good faith as to become the putative wife of said Walker, so as to receive any benefits whatever from his estate as his widow after the death of said Walker, and hence that she is neither the widow nor entitled to be considered as the putative wife of said Walker, and not entitled to be appointed as administrator of his estate, nor to receive any of the allowances allowed by law to the widow of a deceased person, and that the said George H. Walker left no surviving wife or child, or children, and that Eugene Walker, who is a brother of the deceased, is entitled to be appointed administrator of the estate of said Walker, and it has been so ordered, and the decree ordered certified to the county court for observance. Marshall Surratt, Judge."

By her first assignment appellant urges that the court erred in holding that she was not the putative wife of Walker, deceased, because appellees, in their application for certiorari, in specifying errors committed by the county court, did not allege that she was not his putative wife.

[2] This contention is based on article 333 of the Revised Civil Statutes which, among other things, requires that the application for certiorari shall distinctly set forth the error in the proceedings sought to be revised. We think the law in this respect has been complied with. We find on investigation of the record that appellant, in her application to be appointed administratrix, as well as in her application for the respective allowances mentioned, and for setting aside the homestead, represented that she was the surviving wife of Geo. H. Walker, deceased, and based her right to said appointment and said orders alone upon this fact. And the county court, in the judgment appointing her administratrix, as well as the orders granting the allowances and setting apart the homestead to her, expressly found that she was the surviving wife of George H. Walker, deceased, and based its judgment granting her the relief asked upon such fact. The petition for certiorari distinctly alleges that the court erred in appointing her administratrix and granting the several orders above mentioned, on the ground that she was not the surviving wife of the said George H. Walker, deceased. There was no special exception urged to the petition on this ground; and we think, independent of this, that the word "wife," as used in the petition, may be regarded in its generic sense as including a putative, as well as a lawful, wife, so far as the question of pleading is concerned, for which reasons we overrule this assignment.

[3] Appellant's second assignment challenges the correctness of the judgment of the court on the ground that the uncontradicted evidence shows that she was the putative wife of Geo. H. Walker, deceased. A putative marriage is one which is, in reality, null, but which has been contracted in good faith by the two parties, or by one of them. See 32 Cyc. 1274.

[4] The court found as a fact that appellant's marriage to Geo. H. Walker, deceased, was not in good faith, and its finding in this respect, we believe, was justified from the evidence, since it is clear that at the time of her second marriage she was the lawful wife of William Bell, never having been divorced from him. She knew that he was alive, living in the same city with her. It is true that she knew that he had brought a divorce suit against her several years prior thereto, but she had no knowledge of its termination, except his mere statement to the effect that the divorce had been granted; whereas, in fact, the suit therefor had been dismissed. She lived in the same city in which the divorce proceedings were pending. It appears

that she made no inquiry from any one as to the result of such proceedings. Good faith, we think, cannot be predicated upon negligent failure to ascertain a fact which was of so much importance to her, and which was of such easy ascertainment. We therefore concur with the trial court in its holding that the second marriage was not in good faith. Besides this, being a party to said divorce proceedings she was charged with a knowledge of the orders and judgments had therein, and must be held bound thereby. For which reason we think the second marriage was not a putative marriage in law. See West Lumber Co. v. Lyon, 116 S. W. 652; Parrish v. Allston, 65 Tex. 194 and Bridgens v. West, 35 Tex. Civ. App. 277, 80 S. W. 417.

But, even if we are incorrect in the foregoing conclusions, still this assignment is not well taken, in our judgment, because there was no pleading in the district court that authorized a consideration of the question as to whether appellant was the putative wife of the deceased. This issue was not raised by the pleadings, because, outside of demurrers, a general denial was the only defense pleaded by appellant in the district court. Therefore the finding of the court that appellant was not the putative wife of deceased was immaterial.

[5, 6] We think the principal question involved in this appeal was as to appellant's right to be appointed executrix of the estate of Geo. H. Walker, deceased, and her right as community survivor to the homestead and allowances granted her. If she was not the lawful wife of the deceased, she was not entitled to be so appointed, nor was she entitled to the homestead or the allowances asked by her. In Chapman v. Chapman, 11 Tex. Civ. App. 392, 32 S. W. 564, Mr. Justice Williams, then of the Court of Civil Appeals, in discussing this subject, says: "The right given by our statutes to the survivor of a marriage to administer the estate of the deceased spouse and the property which belonged to them in common (Rev. Stat. arts. 2220, 2222, 2236) is given to him or her who is recognized by the law as the lawful husband or wife of the deceased; and as appellant was never lawfully married to Thomas Chapman she had not the right to administer in preference to any one else. * * * The community estate is created by law as an incident of marriage, and does not arise from contract between the parties. It is created by law only as between those who occupy towards each other the relation of husband and wife. Whatever may be the interests of parties related to each other as were appellant and Thomas Chapman in property acquired during their connection, such interests do not constitute the community estate recognized by law to exist between the parties to a lawful marriage." So in this case appellant's right to administer upon said estate was wholly dependent upon

her showing that she was the lawful wife of the deceased Geo. H. Walker; and even though she had shown that she was the putative wife, which was not done, we think, under the decision last quoted, that she was not entitled to such appointment. See, also, Routh v. Routh, 57 Tex. 589.

Finding no error in its proceedings, the judgment of the court below is affirmed.

Affirmed.